UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NICHOLAS MOORE,**

        **Plaintiff,**

v.

**ASPEN MEDICAL USA, INC.,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS MOORE, (hereinafter referred to as "Plaintiff") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues hereby sues Defendant, ASPEN MEDICAL USA, INC. (hereinafter referred to as "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff is an adult and a resident of Hillsborough County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business within Hillsborough County.

5. Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## GENERAL ALLEGATIONS

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. On March 20, 2024, Plaintiff entered into a written employment agreement with Aspen Medical USA Inc. (hereinafter "Defendant"). Under the terms of the agreement, Plaintiff was employed as a pharmacist for the period of March 20, 2024, through March 31, 2025. The agreement specified that either party could terminate the contract with or without cause by providing thirty (30) days' written notice.

10. On or around August 18, 2024, Armedues Davidson showed Plaintiff a video of him going off the MSSM base to an orphanage in Haiti. It was strictly prohibited to go off site by both Aspen and the Southern Command of the United States Army. Plaintiff reported this violation to Cindy, who told Plaintiff not to tell anyone about this violation. Plaintiff inquired if Sid Mckissock (Vice President of Aspen) knew, and Cindy instructed Plaintiff to forget about the video and not to tell anyone.

11. On or around September 10, 2024, Plaintiff observed that Alejandro Vargas, a pharmacy technician, had illegally dispensed Ceftriaxone injections without proper oversight of the pharmacist. This resulted in a medication administration error. The MSSM patient complained of excruciating pain which was caused from improper dilution of the medication.

12. Plaintiff objected to this unauthorized practice, notifying Alejandro Vargas that it was illegal and out of the scope of her pharmacy technician license which requires oversight of a pharmacist.

13. Cindy Nelly (Nurse Midwife and Vice President of Clinical) and Jolene B. (Human Resources) refused to discipline Alejandro Vargas, dismissing the incident as minor despite its serious legal and safety implications.

14. Later in the same week Plaintiff again reported Alejandro Vargas to Human Resources for dispensing prescription only medications illegally and without authorization and oversight of the pharmacist.

15. Alejandro Vargas admitted to the illegal dispensing in a meeting with Human Resources, citing workplace pressure from other employees in the hospital requesting prescription only medication for their personal use, as her justification. No disciplinary action was taken by Defendant.

16. On or around September 15, 2024, Cindy informed Plaintiff that she was storing Class II narcotics in a cart without double lock mechanism, contrary to the rules and policies of the Southern Command of the United States Army and the Drug Enforcement Agency which oversaw controlled substances on the compound.

17. Plaintiff objected to this improper storage and refused to participate in practices that violated applicable storage regulations. Cindy disregarded Plaintiff's objections and continued storing narcotics improperly.

18. On or around September 16, 2024, Plaintiff discovered that medication was missing following the arrival of new orders. Upon investigation, Plaintiff learned from Alejandro Vargas that she had provided the missing medication to a friend for personal use without a valid prescription/medication order and without pharmacist authorization.

19. Plaintiff reported this drug diversion/theft and again objected to Vargas's continued unauthorized dispensing of medications. Plaintiff requested that human resources remove Alejandro Vargas from the pharmacy. While Vargas was removed from the pharmacy, she was not sent home or subjected to further disciplinary action.

20. On or around September 16, 2024, Defendant abruptly terminated Plaintiff's employment in retaliation to Plaintiffs recent objections to unlawful practices and in violation of the thirty (30) days' notice requirement in the employment agreement.

21. Plaintiff requested the reason for his termination but received no explanation at the time.

22. On September 17, 2024, Plaintiff requested a written termination letter. Defendant later provided a letter stating that Plaintiff was terminated for violating the code of conduct and workplace behavior. The effective date of termination was September 18, 2024.

23. Plaintiff was required to be onsite and provide emergency care work the day of September 18, 2024, but was not compensated as all staff are on the day of their departure. Plaintiff received his final paycheck on September 30, 2024, but he was only compensated for work performed up until September 17, 2024. On September 30, 2024, Plaintiff informed Aspen human

resources that he was not paid for September 18, 2024, however Aspen has refused to compensate Plaintiff for time worked.

24. On September 18, 2024, the Cindy re-instated Alejandra Vargas into the pharmacy without the presence of a pharmacist and allowed her to dispense medication and to practice as a pharmacist.

25. On or around August 2024, Phillip Vanbethem, spoke in front of the team during a morning meeting and stated disparaging remarks about Kenyan Multinational Security Support Mission Police officers. Phillip made a comment regarding them, after an individual sneezed without covering their mouth and expressed how one would expect that from Kenyans but not this group. Phillip continued to make degrading comments about Kenyans and laughed. Phillip also referred to a room of black individuals as "you people" and expressed his frustration that some black people there make more money than he does. Four black females and one black male expressed to Plaintiff how hurtful Phillips comments were and Plaintiff reported the racist remarks to Cindy.

26. On or around July 10, 2024, Cindy made a comment to Plaintiff how the black people hired to work in Hati do not work hard and how she will fire them. During Cindys employment she fired approximately 9 of 14 black individuals employed by aspen and discussed with Plaintiff of firing 3

additional black workers. Between June 2024 and September 2024 Cindy made several racial remarks and spoke with Plaintiff about who she was going to fire. Plaintiff objected to terminating individuals based on their race and stated multiple employees she has an issue with are all doing their jobs very well.

## COUNT I
## BREACH OF CONTRACT

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

28. That on or about March 20, 2024, the parties entered into an Agreement prepared by a representative of the Defendant.

29. Plaintiff performed all of the conditions and obligations under the Agreement.

30. The Defendant failed in its contractual duties to perform its obligations under the Agreement.

31. The actions of Defendant constitute a breach of the Employment Agreement and/or contract between the parties.

32. As a direct and proximate result of the Defendant's breach of the agreement, the Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

33. As a result of the breach of the Employment Agreement by

Defendant, Plaintiff has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

34. Plaintiff is entitled to fees and costs pursuant to Florida Statutes Chapter 448.08.

WHEREFORE, Plaintiff demands judgment for damages, including costs and attorneys' fees, and such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## FALSE CLAIMS ACT WHISTLEBLOWER

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

36. This is an action for damages pursuant to 31 U.S.C. § 3730(h).

37. Plaintiff took many lawful actions to prevent Defendants from submitting false claims to the United States. Specifically, on several occasions Plaintiff objected to Defendant's violations of requirements set by the United States Army that would have resulted in the submission of false claims.

38. Knowing that Plaintiff had complained about its violations of requirements set by the United States Army and its improper medication practices, Defendant took retaliatory actions and terminated Plaintiff's employment.

39. As a result of the retaliatory actions of Defendant, Plaintiff has

suffered and will continue to suffer damages, including, but not limited to, the following:

        Compensation for lost wages, benefits, and other remuneration;

        b.    Prejudgment interest;

        c.    Emotional pain and suffering, humiliation, and any other compensatory damages allowable by law;

        d.    Reinstatement of the Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

        e.    Reinstatement of full fringe benefits and seniority rights;

        f.    An injunction restraining continued violation of the False Claims Act;

        g.    Attorney's fees and costs;

        h.    Such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

40.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

41.    This is an action for damages pursuant to Florida's Private Whistleblower's Act, Section 448.102, *Florida Statutes.*

42.    Pursuant to Section 448.102, *Florida Statutes,* an employer may not take any retaliatory personnel action against an employee because the

employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

43. In contravention of said statute, Defendant terminated Plaintiff in direct retaliation for objecting to and/or refusing to participate in a policy, practice or activity that was a violation of a law, rule, or regulation.

44. As a result of Defendant's unlawful acts as above-described, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

45. As a result of the retaliatory actions of Defendant, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Compensation for lost wages, benefits, and other remuneration;

    b. Prejudgment interest;

    c. Emotional pain and suffering, humiliation, and any other compensatory damages allowable by law;

    d. Reinstatement of the Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

    e. Reinstatement of full fringe benefits and seniority rights;

    f. An injunction restraining continued violation of the FWA;

    g. Attorney's fees and costs;

      i.    Such other relief as the Court may deem just and proper.

## COUNT IV
## WRONGFUL TERMINATION - FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

47. Plaintiff brings this claim pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq.*

48. FDUTPA makes it unlawful to engage in "unfair methods of competition, unconscionable, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Fla. Stat.* § 501.204.

49. FDUTPA's prohibitions are extremely broad and reach a wide range of activities.

50. Plaintiff is permitted to bring suit under FDUTPA even though the unlawful practice of Defendant did not involve a consumer transaction. *Fla. Stat.* § 501.211(2).

51. Plaintiff was wrongfully terminated and withheld substantial earned and unearned wages.

52. By wrongfully terminating Plaintiff and withholding substantial earned and unearned wages, Defendant engaged in an unfair method of

competition because Defendant paid less payroll, taxes and other employment costs than competing businesses and organizations that follow state and federal laws and, therefore, have more money to use in competition against its competing businesses.

WHEREFORE, Plaintiff demands judgment against Defendant and for actual damages; declaratory relief; civil penalties; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

## COUNT V
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

54. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

55. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

56. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

57. Plaintiff is entitled to be paid overtime compensation for all

overtime hours worked for Defendant.

58. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

59. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

60. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

61. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

62. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

63. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant including, but not limited to:

  a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

  b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c. Awarding prejudgment interest;

  d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Determining that the FLSA was violated and an adjudication on the merits of the case;

  f. Ordering any other further relief the Court deems just and proper.

## COUNT VI
## 42 U.S.C. § 1981 RETALIATION

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-six (26).

65. By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff for opposing the unlawful discrimination in violation of 42 U.S.C. § 1981, for which Defendant is liable.

66. Defendant knew or should have known of the retaliation.

67. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

DATED this 13th day of January 2025.

**FLORIN|GRAY**

*s/Troy Longman II*
Troy Longman II
Florida Bar No.: 1031921
tlongman@floringray.com
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*