IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS MOORE,                    Case No.: 8:25-cv-00085-MSS-AEP
      Plaintiff,

v.

ASPEN MEDICAL USA, INC.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, ASPEN MEDICAL USA, INC., by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure 12(b)(2), (3), and (6) hereby files this Motion to Dismiss, and states as follows:

### I.    BACKGROUND

On March 21, 2025, Plaintiff filed its Amended Complaint against Defendant. Dkt. 25. Plaintiff's Amended Complaint includes Counts for I) Breach of Contract, II) False Claims Act Whistleblower, III) Florida's Private Whistleblower's Act, IV) Wrongful Termination – Florida Deceptive and Unfair Trade Practices Act, V) Fair Labor Standards Act (unpaid overtime) and VI) 42. U.S.C. § 1981 retaliation. Plaintiff alleges venue is proper as a "substantial part of the events giving rise to this

claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b)."  Dkt. 25 ¶ 2.

Plaintiff is a resident of Hillsborough County, Florida. Dkt. 25 ¶ 3.  Defendant is a corporation incorporated in Delaware with its primary place of business in Washington, D.C.  Declaration of Ethan Bond ¶ 3 "Decl.", attached as the **Exhibit** to this Motion.  Defendant does not maintain any offices within the State of Florida or conduct business within the State of Florida.  Decl. ¶5, 6.  Defendant entered into a contract with Plaintiff for him to provide Pharmacist services as part of Aspen's Haiti project.  It was intended that he would provide pharmacy services in Haiti. Decl. ¶15-18.

Because Aspen has not engaged in any activities giving rise to personal jurisdiction in, and does not otherwise have minimum contact with Florida, it moves to dismiss the Amended Complaint for lack of personal jurisdiction under Fed. R. of Civ. P. 12(b)(2) and for improper venue under Rule 12(b)(3).  Further, Defendant moves to dismiss the Count of the Amended Complaint for failure to state a cause of action under Rule 12(b)(6).

## ARGUMENT

### I.    Aspen Is Not Subject to Personal Jurisdiction in Florida

When considering a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, plaintiff must establish a prima facie case of jurisdiction over

a non-resident defendant. *Courboin v. Scott*, 596 F. App'x 729, 732 (11th Cir. 2014). Personal jurisdiction can be general or specific. *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990). "General personal jurisdiction is based on a defendant's substantial activity in [a state] without regard to where the cause of action arose," whereas "specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within [a state]." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013) (citations omitted).

General personal jurisdiction allows a court to hear any claims against a foreign defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014); *see Est. of Caviness v. Atlas Air, Inc.*, No. 1:22-CV-23519-KMM, 2023 WL 6802950, at *3 (S.D. Fla. Sept. 20, 2023). Here, Plaintiff has not addressed Defendant's principal place of business or provided sufficient information for this Court to exercise general jurisdiction over Aspen. Aspen is incorporated in Delaware, with its principal place of business in Washington, D.C. Decl. ¶ 3. Neither of which places Aspen "at home" in Florida. Additionally, the parties have agreed that Delaware law applies. *See* Dkt. 25-2 ¶ 21.

The Court can exercise specific personal jurisdiction over Aspen if both Florida's long-arm statute and the Fourteenth Amendment's Due Process Clause

permit. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). In specific personal jurisdiction cases, courts apply a three-part test for due process, asking whether: (1) the plaintiff's claims "arise out of or relate to" defendant's contacts with the forum; (2) the nonresident defendant "purposefully availed" itself "of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws"; and (3) "the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice." *Mosseri*, 736 F.3d at 1355 (quotation marks and citations omitted). If plaintiff shows the first two prongs are met, the burden shifts to defendant to establish jurisdiction is improper under the third prong. *Id.*

Plaintiff's claims do not "arise out of or relate to" Plaintiff's contacts with Florida.  All of the events complained of in Plaintiff's Amended Complaint refer to events that occurred in Haiti.  *See* Dkt. 25, generally.  He alleges that an employee at Aspen works from Florida; however, an individual working remotely from another state does not automatically open the doors for company to be sued in that state.  *See* Dkt. 25 ¶ 8.  Mr. Mckissock, resides in Florida of his own volition and not for any reasons related to his work duties.  The ""minimum contacts" analysis looks to the defendant's contacts within the forum State itself, not the defendant's contacts with persons who reside there."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014).  Plaintiff alleges that he was hired and onboarded while he was a resident of Florida, that he

engaged in communications with Defendant while residing in Florida and worked remotely from Florida before leaving for Haiti. *See* Dkt. 25 ¶ 9-11. Aspen did not require Plaintiff be present in Florida, rather, he contracted to work for Defendant's Haiti project for work to be performed in Haiti. "[I]t is not enough that a foreign defendant merely contract with a Florida resident, or that performance under the contract could have been made in Florida; rather, the contract itself must *require* performance in Florida in order to invoke Florida **jurisdiction**." *Kenfred Enters., LLC v. Textron Aviation, Inc.*, 2021 WL 1020969 (M.D. Fla. Mar. 17, 2021) (quoting *Olson v. Robbie*, 141 So. 3d 636, 640 (Fla. 4th DCA 2014). Here, the contract does not require Plaintiff to be in Florida, more specifically it contemplated Plaintiff perform his duties in Haiti. *See* Dkt. 25-2 generally and Dkt. 25 ¶ 35. In *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984), the Supreme Court found that Texas was not the proper venue where the company's contacts consisted of sending its chief executive officer to Houston to negotiate a contract, accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment and training services from a Texas company; and sending personnel to Texas for training. *See id.*

Plaintiff fails to assert that Aspen conducts business in Florida; markets to, advertises, or solicits business in Florida; employs agents or employees in Florida for work that must be performed within Florida; operates, engages in, or carries on

a business in Florida; has an office or agency in Florida; owns, uses, or holds real property in Florida; or has any accounts in Florida. *See* Dkt. 25, generally. Additionally, Defendant's contacts with Plaintiff, by itself, is insufficient to establish jurisdiction in this Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). The "purposeful availment" requirement protects a defendant from being haled to court due to the "unilateral activity of another party or a third person." *See Helicopteros,* 466 U.S. 408 (1984)*.* Defendant did not enter into a contract with Plaintiff that envisioned continuous and wide-reaching contacts with Florida, as evidenced by the Contract itself. *See* Dkt 25-2. The agreement, which Plaintiff signed, envisioned no continuous or any contacts at all with the State of Florida. Defendant understood that Plaintiff's services related solely to the Haiti project, and that he would and did perform his services in Haiti. *See* Dkt 25-2, ¶ 35.

Plaintiff failed to demonstrate that Aspen has sufficient contacts with Florida, or that Aspen has availed itself of the privilege of conducting activities in Florida, such that they can reasonably anticipate being haled into Florida court. Aspen entered the contract with Plaintiff to conduct work in Haiti, all of the events complained of are believed to have occurred in Haiti. Decl. ¶¶ 15-18. As Plaintiff has not met his burden under the first two prongs of the minimum contacts test, the burden does not shift to Aspen to show the exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice.

Even so, none of the factors used to assess the third prong support this Court's exercise of jurisdiction over Aspen. *See Burger King*, 476-77 (identifying burden on defendant, forum's interest in adjudicating dispute, and plaintiff's interest in convenient relief, among other factors). Defendant is a Delaware Corporation with its principal place of business in Washington, D.C. that would bear a substantial burden in defending this action in Florida. Decl. ¶ 2. *See also Goforit Ent. LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1333 (M.D. Fla. 2007) (noting despite modern technology, burden on non-Florida defendants would not be insubstantial). Aside from Plaintiff's residence in Florida, there is no other tie to Florida—Plaintiff entered into a contract with a Delaware Company for work to be performed in Haiti. In fact, there is no mention of Florida in the agreement. *See* Dkt. 25-2 and Decl. ¶¶ 15-18. Even had Plaintiff established minimum contacts with Florida, jurisdiction over Aspen would offend traditional notions of fair play and substantial justice. Florida does not have a great concern adjudicating the dispute given the present facts. And, where Florida does not have a great concern in adjudicating the dispute, plaintiff's interest in obtaining effective and convenient relief in Florida "does not favor the exercise of jurisdiction." *Goforit Ent.,* 513 F. Supp. 2d at 1333-34.

In sum, Plaintiff has not and cannot establish that Aspen has the requisite minimum contacts with Florida. Accordingly, the Amended Complaint must be dismissed for lack of personal jurisdiction.

## II.    Venue in This District is Improper

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. *Liberty Media Holdings, LLC v. Wintice Grp., Inc.*, No. 610-CV-44-ORL-19GJK, 2010 WL 2367227, at *2 (M.D. Fla. June 14, 2010). Pursuant to § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is within the Court's discretion. *Roofing v. Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

In analyzing the propriety of venue under § 1391(b)(2), the Eleventh Circuit has stated that "only the events that directly give rise to a claim are relevant" and that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In conducting this analysis, "the proper focus

of the venue inquiry is on the *relevant activities of the Defendants*." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc*., 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (emphasis added). The impact of the harm alleged does not control the analysis. *See Palmer v. Dau*, No. 610-CV-248ORL-10KRS, 2010 WL 2740075, at *2 (M.D. Fla. July 12, 2010).

Plaintiff is alleging venue under § 1391(b)(2). Dkt. 25 ¶ 2.  Plaintiff's Amended Complaint confirms that the alleged conduct occurred in Haiti.  *See* Dkt. 25-2 ¶ 35 and generally.  Plaintiff's conclusory allegation that a substantial part of the events giving rise to the claim occurred in this Judicial District contradict his own allegations.  *See* Dkt. 25, generally.  This conclusory allegation alone is not sufficient to meet the standard to show venue is proper.  Interestingly, none of the alleged conduct occurred in Florida, nor do the allegations support the inference that the Defendant's alleged conduct occurred in Florida. *See* Dkt. 25, generally and Decl. ¶ 18.  And to the extent Plaintiff believes his residence in Florida supports venue, this belief would be "mistaken." *See Palmer*, 2010 WL 2740075, at *2. Therefore, § 1391(b)(2) also does not support venue.  As a result, the action must be dismissed.

### III.    Failure to State a Claim – False Claims Act Whistleblower

To plead a False Claims Act retaliation claim under 31 U.S.C. § 3730(h), a Claimant must allege that he (1) engaged in protected activity, defined as lawful acts

in furtherance of an FCA action or endeavoring to prevent at least one violation of the FCA; and (2) he was, as a result, subjected to some form of discrimination in the terms and conditions of his employment. *United States ex rel. Aquino v. Univ. of Miami,* 250 F. Supp. 3d 1319, 1335 (S.D. Fla. 2017); *United States v. HPC Healthcare, Inc.,* 723 F. App'x 783, 788 (11th Cir. 2018). Plaintiff has not and cannot satisfy either requirement.

Plaintiff has not alleged a specific violation or which subsections of the FCA he contends that Defendant violated. *See* Dkt. 25, generally. Section 3730(h)'s "in furtherance of" language requires more than merely reporting wrongdoing to supervisors. *U.S. ex rel. Sanchez v. Lymphatx, Inc.,* 596 F.3d 1300, 1304 (11th Cir. 2010). Simply reporting a concern of wrongdoing to a supervisor, even a mischarging to the government, does not suffice to establish that the employee was acting 'in furtherance of' a *qui tam* action."). *Id.* By contrast, an employee must put his employer on notice of possible False Claims Act litigation by making internal reports that allege illegal conduct/fraud on the government. *Id.* To constitute protected activity, the employee's actions must support a reasonable conclusion that the employer could have feared being reported to the government for fraud or sued in a *qui tam* action by the employee. *Id.* Additionally, by the explicit terms of the statute, only conduct which is taken as an "effort to stop" the violation is protected. *See* 31 U.S.C. § 3730(h)(1) (2012). *Arthurs v. Glob. TPA LLC,* 208 F.

Supp. 3d 1260, 1266 (M.D. Fla. 2015).  Therefore, a person who acts to oppose an FCA violation for reasons other than protecting the federal government from potential fraud has not engaged in protected conduct.  *Id.*

Plaintiff's Amended Complaint is silent on any actions in furtherance of an FCA action.  *See* Dkt. 25, generally.  He does not allege that he claimed illegal conduct/fraud on the government in connection with his alleged complaints.  By contrast, he merely alleges that he "objected to" certain activities and "reported" to supervisors.  Dkt. 25 ¶ 83-84, 86.  Plaintiff has failed to plead the ultimate facts to show he engaged in a protected activity.  31 U.S.C. § 3730(h) protects those "who report to the company that they are "concerned about defrauding the government." *Robertson v. Bell Helicopter Textron, Inc. 32 F.3d 948* (5th Cir. 1994).  Plaintiff's claim is void of any such allegation.  Without factual allegations to support his mere conclusion of retaliation, his claim fails. *See HPC Healthcare, Inc.*, 723 Fed.App'x at 792 (allegation that relator was demoted because she raised ethical issues concerning violations of the FCA "is a legal conclusion that fails to satisfy federal pleading requirements").  As such, his Count II should be dismissed with prejudice.

## IV.    Failure to State a Claim – Florida's Private Whistleblower's Act

The FPWA recognizes only three types of protected activity 1) disclosing or threatening to disclose actual illegal activity to the government in writing under oath;

2) participating in an investigation of allegedly illegal activity; and 3) **objecting to an actual illegal activity, policy, or practice of the employer**.  Fla. Stat. § 448.102(1)-(3); *See also Golf Channel v. Jenkins*, 752 So. 2d. 561, 564 (Fla. 2000). Plaintiff Amended Complaint pleads he seeks relief under Fla. Stat. § 448.102 (3).

Plaintiff's Amended Complaint concludes that he objected to, or refused to participate in, any activity, policy, or practice of the employer in which is in violation of a law, rule or regulation.  Dkt. 25. ¶ 96.  Plaintiff has failed to plead ultimate facts of the "**actual** illegal activity, policy or practice" he objected to and that those actions are actions of Defendant.  To be actionable under the FPWA, the "illegal conduct" to which an employee objected must be conduct of his ***employer***, not that of rogue individuals or those acting outside the course and scope of their position with an employer and pursuing individual interests. *Sussan v Nova SE Univ*., 723 So.2d 933 (4th DCA 1999); *McIntyre v Delhaize America, Inc*., 2009 WL 1039557 (M.D. Fla. 4/17/2009), aff'd 403 F.App'x 448 (11thCir. 2010); *Pinder v Bahamasair Holdings, Ltd.., Inc.,* 661 F.Supp.2d 1348, 1351 (S.D. Fla. 2009); *Little v Foster Wheeler Constr. Inc*., 2010 WL 2035546at *11 (S.D. Fla. 5/24/ 2020), aff'd 432 App'x 907 (11th Cir. 2011)("since the activities about which the Ciulla complained – drug use, sexual harassment, etc. of co-workers – cannot be deemed to 'of the employer,' they do not come within the scope of the WBA"); *Douberley v Burger King Corp.,*2007

WL 1175757 at *3-4 (M.D. Fla. 4/20/2007)(employee acted outside scope of employment by sexually harassing co-worker).

Furthermore, Plaintiff has not alleged actual laws, rules, or regulations as required and/or they are not direct actions, or policies required by his employer. *Bush v Raytheon Co.,* C.A. 11, 2010 WL 1427611 (Fla. 20210), (Defendant's contractor's employee did not object to an actual violation of a "law, rule or regulation" as defined under FWA.) *See also Kearns v. Farmer Acquisition Co*., 157 So. 3d 458, 465 (Fla. 2d DCA 2015) ("in conformity with the plain language of the statute, an actual violation of law" must be alleged.) *See also Pinto v Microsoft Corp.,* 2012 WL 4479059 at *3 (S.D. Fla. Sept. 8, 2012)(rejecting argument that an FWA Complaint "need not cite to specific laws to establish a *prima facie* [FWA] claim" to survive motion to dismiss). *See* also, *Denraii System,s LLC v. Arab, et al,* 2014 WL 6162825 at *3-4 (S.D. Fla. Nov. 25, 2013)("the cases clearly require a [FWA] claimant to specify exactly which rule, law or ordinance was being violated…[and] to identify an actual violation of [that specified] law, rule or regulation.")

Lastly, Plaintiff's conclusory allegations that he is an "employee" is not sufficient to show that he was an "employee". An "employee" is defined as "a person who performs services for and under the control and direction of an employer for wages or other remuneration. The term does not include an independent contractor." Fla. Stat. § 448.101(2). In fact, Plaintiff's exhibits to its Amended

Complaint contradict his assertion, as "[t]he parties acknowledge that their relationship is that of independent contractor and Aspen Medical and that neither is partner, employer, employee nor agent of the other." Dkt. 25-2. ¶ 14. "Where a plaintiff attaches documents and relies on the documents…dismissal is appropriate if the document negates the claim." *N.PV. Realty Corp. v. Nationwide Mut. Ins. Co.*, 2011 WL 4948542 (11th Cir. 2011). As such, Defendant can only proceed under the FPWA if he alleges facts demonstrating he is otherwise protected by the FPWA. Put simply, the Amended Complaint lacks any factual allegations that would "allow[] the court to draw the reasonable inference that [Defendant is] liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. As such, Count III should be dismissed with prejudice.

## V. Failure to State a Claim – Wrongful Termination – Florida Deceptive and Unfair Trade Practices Act

FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019) (citing § 501.204(1), Fla. Stat. (2016)). "The express purpose of FDUTPA is '[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce'." *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1296-97 (S.D. Fla. 2014) (quoting Fla.

Stat. § 501.202(2)); *see also* 501.202(3) (further defining purpose as "mak[ing] state *consumer* protection and enforcement consistent with established policies of federal law relating to *consumer* protection.") (emphasis added). Section 501.211(2) provides that, "[i]n any action brought by a *person* who has suffered a loss as a result of a violation to this part, such *person* may recover actual damages[.]" (emphasis added). "In 2001, the term 'person' replaced the former term, 'consumer,'" which according to the legislative history was only to make clear that the remedies are also available to businesses. *Leon*, 51 F. Supp. 3d at 1296-97.

Accordingly, to properly state a claim under FDUTPA, the plaintiff must plead the following elements: (1) that there was a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985-86 (11th Cir. 2016). The implicit requirement contained in all three elements is "an injury to a consumer." *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019); *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164 (Fla. 4th DCA 2015)*; see also CMR Constr. & Roofing, LLC v. UCMS, LLC*, 21-11183, 2022 WL 3012298, at *5 (11th Cir. July 29, 2022) ("[T]he relevant deceptive act or unfair practice must be harmful to a consumer"). A "consumer," means "one who has engaged in the purchase of goods or services." *Leon*, 51 F. Supp. 3d at 1296-97 (quoting *N.G.L. Travel Assoc. v. Celebrity Cruises, Inc.,* 764 So.2d 672 (Fla. 3d DCA 2000). As the *Caribbean*

*Cruise* case explained, the Florida Supreme Court defines "unfair practice" as used in FDUTPA as an act "that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious **to consumers**." *Id.* (emphasis original quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773 (Fla. 2003)). The Florida Supreme Court similarly defines the word "deception" as used in FDUTPA as a "representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to **consumer's detriment**." *Id.* Otherwise put, "an act is not deceptive and a practice is not unfair **unless a consumer was actually aggrieved by the act or practice**." *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F.Supp.3d 1292, 1302 (M.D. Fla. 2017) (emphasis added).

In determining whether a plaintiff has properly pled a ***deceptive act***, the plaintiff must allege that the subject practice "was likely to **deceive a <u>consumer</u>** acting reasonably in the same circumstances." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097–98 (11th Cir. 2021) (emphasis added). On the other hand, to properly plead an ***unfair practice***, the plaintiff must show that it is "that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious **to consumers**." *Caribbean Cruise Line, Inc.,* 169 So. 3d at 168-69  (emphasis in original quoting *PNR, Inc.*, 842 So.2d at 777); *see also, Pinecrest Consortium, Inc. v. Mercedes–Benz USA, LLC*, 2013 WL 1786356, at *1–2 (S.D.Fla. April 25, 2013) ("Although FDUTPA may extend to

protect business entities by such violative practices, 'it has no application to entities complaining of tortious conduct which is not the result of a consumer transaction.'") (citation omitted). Accordingly, claims alleging an employer's unfair payment or treatment of its employees do not state claims under FDUTPA. *See Leon*, 51 F. Supp. 3d at 1296–97 ("Based on the allegations in the Complaint, Plaintiff cannot be said to be a 'consumer,' as he has not, nor has he alleged to have, engaged in any consumer transaction.").

Here, Plaintiff alleges that the Defendant "misclassified employees as independent contractors" and failed to pay him "overtime wages". Dkt. 25. ¶ 112-113.  The Amended Complaint fails to allege facts showing that Defendant's supposed failure pay Plaintiff overtime wages was injurious **to consumers**, as required to establish an "unfair practice" under FDUTPA. *Caribbean Cruise Line, Inc.* 169 So. 3d 1at 168-69 (emphasis in original quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)).

Additionally, "FDUTPA applies only to actions that occurred within the state of Florida." *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012). Thus, the actions of the defendants must have occurred in Florida. *See id.* (dismissing FDUTPA claim because plaintiff did not plead that the challenged conduct occurred in Florida).

Plaintiff fails to state a claim under FDUTPA because he has not pled the challenged conduct occurred in Florida, a qualifying consumer transaction, a deceptive act or unfair practice, or damages. Plaintiff has not alleged Aspen engaged in conduct that was deceptive or unfair. Finally, Plaintiffs have not sufficiently alleged that they suffered actual damages—i.e., any damages that can be measured by comparing the market value of a product or good in the condition in which it was delivered versus how it should have been delivered pursuant to a contract. *See Marrache*, 17 F.4th at 1098. As Plaintiff has failed to plead a prima facie case, Count IV must be dismissed with prejudice. *See Leon*, 51 F. Supp. 3d at 1296–97 (dismissing with prejudice FDUTPA claim based on employer's misclassification of employee as an independent contractor which resulted in employee not receiving payment of overtime hours and employee being unable to file proper income tax returns and lost the benefits of withheld taxes); *see Taft v. The Dade Cnty. Bar Ass'n, Inc.*, No. 1:15-CV-22072-KMM, 2015 WL 5771811, at *4–5 (S.D. Fla. Oct. 2, 2015) (dismissing former employee's FDUTPA claim with prejudice due to lack of facts showing consumer transaction though applying standing analysis).

## VI.   Failure to State a Claim – Fair Labor Standards Act (Unpaid Overtime)

The FLSA mandates that an "employee[]" who is "engaged in interstate commerce" must be paid an overtime wage of one and one-half times their regular rate for all hours they work in excess of forty hours per week. 29 U.S.C. § 207(a).

"In order to be eligible for FLSA overtime, an employee must first demonstrate that he is 'covered' by the FLSA. *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th. Cir. 2011).

Plaintiff fails to establish that he is an employee within the meaning of 29 USC§203(e)(4). "The parties acknowledge that their relationship is that of independent contractor and Aspen Medical and that neither is partner, employer, employee nor agent of the other." Dkt. 25-2. ¶ 14. Per the contract, Plaintiff was paid $1200 per day, plus $420 hazard and the parties specifically agreed that this amount was "for the fulfillment of duties" and "did not guarantee a particular quantity, frequency of duration of work." Dkt. 25-2. ¶ 5-6. "Where a plaintiff attaches documents and relies on the documents…dismissal is appropriate if the document negates the claim." *N.PV. Realty Corp. v. Nationwide Mut. Ins. Co.*, 2011 WL 4948542 (11th Cir. 2011).

An employee may assert "enterprise coverage" if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually. DeJean, 29 U.S.C. § 203(s)(1)(A). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants'

employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 *S.D. Fla. 2009) (Ungaro, J.); *see also Polycarpe v. E & S Landscaping Serv., Inc. (Polycarpic I)*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("If an employer ha[s] two or more workers engaged in commerce or the production of goods for commerce, the FLSA coverage extend[s] to all of the enterprise's employees.").

A plaintiff fails to plead FLSA individual or enterprise coverage where his complaint "contains little more than bare-bones conclusory statements," that merely "track FLSA's statutory language" but "fail[] to allege a single fact to support his legal conclusion." *Posso v. Rent-A-Car of Ft. Lauderdale, Inc.*, US Dist. LEXIS 199568, at *1-2 (S.D. Fla. Nov. 1, 2013). Rather, this Court has held that specific factual allegations regarding the details of the work done by an FLSA Plaintiff, or a business alleged to be a covered entity, linking the business or individual's work to interstate commerce, are necessary to survive a motion to dismiss. *Garcia v. Halpern LTO, LLC*, 2014 U.S. Dist. LEXIS 195880, at *3-4 (S.D. Fla. Apr. 4, 2014). Plaintiff's Amended Complaint is lacking the necessary elements to plead a claim under FLSA.

Even assuming Plaintiff adequately pled facts showing that Defendant and he sufficiently engaged in commerce and maintained an employer/employee relationship to be subject to the FLSA, his FLSA overtime claim still fails to state a

cause of action under FLSA.  Plaintiff has offered no facts whatsoever indicating that he was non-exempt. *See* Dkt. 25-2, generally.  In fact quite the opposite is true, as shown in the agreement entered into between the parties.  *See* Dkt. 25-2, generally.

Courts in this Circuit have made it clear that a plaintiff fails to adequately plead non-exempt status for FLSA purposes by only stating a "job title, but not a job description," along with conclusory assertions that he performed the "functions and duties of a non-exempt employee," but "no allegations revealing what Plaintiff did when he reported to work."  *Pickering v. Lorillard Tobacco Co., Inc.*, 2011 U.S. Dist. LEXIS 3647, at *2-3 (M.D. Ala. Jan. 13, 2011). Plaintiff's vague assertions and conclusory statements are insufficient to state a claim.

Even had Plaintiff sufficiently pled that he was a non-exempt employee and subject to FLSA, which he has not, he "has the burden of proving that he performed the work for which he was not properly compensated." *Zelaya v. Atrim Elec., Inc.*, 838 So. 2d 694 (Fla. 3d Dist. Ct. App. 2003); *Skelton v. Am. Intercontinental Univ. Online*, 382 F.Supp.2d 1068, 1072 (N.D. Ill. 2005). This is not typically an onerous burden; however, a plaintiff may not result to guesswork. *Gonzalez v. Metro Delivery Corp.*, 2012 U.S. Dist. LEXIS 63687, *7 (S.D. Fla. 2012).

Plaintiff has failed to allege any facts or circumstances around his alleged overtime hours. *See* Dkt. 25, generally. He merely claims, without any support or surrounding circumstances, that he worked in excess of forty (40) hours regularly.

*See* Dkt. 25 ¶ 36. Thus, Plaintiff's allegations that he worked over forty (40) hours a week are nothing more than "legal conclusions that are not supported by sufficient factual material," which warrants dismissal. *See Christrikes Custom Motorcycles, Inc. v. Teutul*, 2016 WL 3406391, at *2 (M.D. Fla. June 21, 2016); *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff failed to identify approximate dates or date ranges during which he claims to have worked overtime and which he claims he did not receive proper compensation. This information is critical and must be included for the Plaintiff to establish a prima facie case.

Lastly, FLSA does not apply to work performed outside of the United States. 29 USC§213(f) states:

> The provisions of sections 206, 207, 211, and 212 of this title shall not apply with respect to any employee whose services during the workweek are performed in a workplace within a foreign country or within territory under the jurisdiction of the United States other than the following: a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462); American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island.

Plaintiff fails to state a claim under FLSA because in addition to the above, he has not pled the challenged conduct occurred in Florida – or even within the United States. *See* Dkt. 25, generally. Instead Plaintiff alleged that he was in Haiti after

May 18, 2024.  *See* Dkt. 25-2, ¶35.  Plaintiff's disconnection with the forum the FLSA extends to, removes his ability to bring suit under such statute.  Thus, Count V of Plaintiff's Amended Complaint must be dismissed with prejudice.

## VII.    Failure to State a Claim – 42 U.S.C. § 1981 Retaliation

Section 1981 "protects the equal rights of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Moore v. Grady Mem'l Hosp. Corp.,* 834 F.3d 1168, 1171 (11th Cir. 2016).  To adequately state a cause of action under 42 U.S.C. § 1981, a plaintiff must plead facts demonstrating (1) that the Plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute (i.e. the right to make, perform, modify and terminate contracts, and enjoy all benefits, privileges, terms, and conditions of the contractual relationship).  42 U.S.C. § 1981(b); *Kinnon v. Arcoub, Gopman & Assoc. Inc.*, 490 F.3d 886, 891 (11th Cir. 2007); *White v. Fla. Highway Patrol*, 928 F. Supp. 1153, 1157 (M.D. Fla. 1996). Plaintiff must establish that the Defendant intended to discriminate against the Plaintiff on account of his race or that his race was the "but-for" cause of his termination.

Pursuant to 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory…"  To assert a

Claim under 42 U.S.C. § 1981, Plaintiff must assert that at the time of the alleged conduct, he was within the jurisdiction of the United States.  In *Ofori-Tienkorang v. American Intern. Group, Inc.*, 460 F.3d 296 (2nd Cir. 2006), the Court affirmed the dismissal of Plaintiff's Section 1981 claims, to the extent those claims arose out of discriminatory conduct that occurred while Plaintiff was living and working in South Africa.  Here, Plaintiff has failed to assert that the alleged conduct happened within the jurisdiction of the United States, rather, by his own admission, he was in Haiti at the time of the alleged conduct.    *See* Dkt. 25-2 ¶35. Because the alleged discrimination occurred outside of the jurisdiction the United State, this claim must be dismissed with prejudice.  *See Ofori-Tienkorang* at 300.  Any allegation that the decision making took place in the United States or was the responsibility of a United States entity is insufficient, as Plaintiff himself must have been within the jurisdiction of the United States.  *See* Theus v. Pioneer Hi-Bred Int'l, Inc., 738 F.Supp. 1252, 1253-1254 (S.D. Iowa 1990)  (dismissing Section 1981 claim; "A *decision* to discriminate [made in the United States]... does not create a claim under [Section 1981]")(emphasis in original).  As a result, Count VI of Plaintiff's Amended Complaint must be dismissed with prejudice

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure

12(b)(2), (3), and (6), and grant any other relief deemed just and appropriate considering the foregoing.

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for the parties conferred via telephone on April 3, 2025, regarding the relief sought in Defendant's Motion.  The parties were not able to reach an agreement on the resolution of this Motion. Further, a copy of the Motion was provided to Counsel for Plaintiff on April 2, 2025.  Plaintiff opposes the relief sought in Defendant's Motion.

DATED THIS  3rd day of April, 2025

Respectfully Submitted,

*/s/ Lisa M. Lewis*

LISA M. LEWIS
LEAD COUNSEL
Florida Bar No.: 86178
LYNDSEY C. GRIFFIN
Florida Bar No.: 1018025
COLE, SCOTT & KISSANE, P.A.
500 N. Westshore Boulevard, Suite 700
Tampa, Florida 33609
Telephone 813-755-4524
Facsimile 813-286-2900
Primary e-mail: lisa.lewis@csklegal.com
Second e-mail: lyndsey.griffin@csklegal.com